UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**CURTIS HODGES**                                         **CIVIL ACTION NO.**

**VERSUS**

**24-894-JWD-EWD**

**EVEREST NATIONAL INSURANCE, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on July 1, 2025.

*/s/ Erin Wilder-Doomes*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **CURTIS HODGES** | **CIVIL ACTION NO.** |
| **VERSUS** | |
| | **24-894-JWD-EWD** |
| **EVEREST NATIONAL INSURANCE, ET AL.** | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Motion to Remand ("Motion"), filed by Curtis Hodges ("Plaintiff"),[1] which is opposed by Defendants Everest National Insurance ("Everest") and Western Flyer Express, LLC ("Western").[2] Because this matter was timely removed to this Court, it is recommended[3] that the Motion be denied. It is further recommended that this matter be referred to the undersigned for a scheduling conference.

### I. BACKGROUND

This is a civil action for damages arising out of a motor vehicle accident. On April 23, 2024, Plaintiff filed his Petition for Damages ("Petition") against Everest, Western, and Western's employee, Rytonio Johnson ("Johnson"). The Petition alleges that, on May 16, 2023, Plaintiff's vehicle was struck by Johnson's vehicle in Tangipahoa Parish, Louisiana, while Johnson was working for Western. Everest is alleged to be the insurer of Johnson's vehicle.[4]

---

[1] R. Docs. 7, 13.

[2] R. Doc. 14.

[3] *See, e.g.*, *Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016) ("[A] motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court subject to *de novo* review.").

[4] R. Doc. 1-2, ¶¶ 1-3, 6-7.

On October 29, 2024, Everest and Western ("Removing Defendants") removed the case to this Court, asserting diversity jurisdiction under 28 U.S.C. § 1332.[5] The Notice of Removal does not adequately allege the citizenship of the parties,[6] but Removing Defendants' Diversity Jurisdiction Statement adequately alleges that Plaintiff is a Louisiana citizen, Johnson is a Texas citizen, Western is a limited liability company that unwinds to an individual member who is an Oklahoma citizen, and Everest is a corporation that is organized and has its principal place of business in New Jersey; therefore, complete diversity exists.[7] As to the amount in controversy, Removing Defendants relied on several things,[8] including a pre-Petition settlement demand for $155,000;[9] therefore, the amount in controversy is met. Plaintiff does not dispute that the parties are diverse and the amount in controversy is met.

A week after removal, Plaintiff timely filed the current Motion, which only challenges the timeliness of removal, a procedural defect.[10] A telephone conference was conducted to discuss the Motion and guidance was provided to the parties. Plaintiff was given leave to file a supplemental memorandum at his request, to provide additional briefing on the timeliness of

---

[5] R. Doc, 1, ¶ VI-VII.

[6] While the citizenship of Johnson and Western are adequately alleged in the Notice of Removal, the citizenship of Hodges and Everest are insufficient. R. Doc. 1, ¶ II.

[7] R. Doc. 1-9.

[8] Removing Defendants also relied on Plaintiff's medical treatment of medial branch blocks and recommendation for an ablation to establish the amount in controversy. R. Doc. 1, ¶¶ III, IV. As noted in the Court's October 30, 2024 briefing Order, the referenced medical procedures were insufficient standing alone to establish the amount in controversy because Plaintiff's state court Memorandum in Opposition to Defendant's Dilatory Exception of Vagueness, Ambiguity, and Non-Conformity of Petition stated that Plaintiff had only about $21,840 in medical expenses, and at the time of that filing, Plaintiff was unsure if his damages would exceed $75,000, exclusive of interest and costs (although Plaintiff "d[id] not deny this claim may grow such that the amount in controversy may exceed $75,000."). R. Doc. 1-4, pp. 10-12. The Notice of Removal also references the Petition's allegations of boilerplate damages, and to the extent Removing Defendants relied upon them, which is not clear, these types of general damage allegations are also insufficient to establish the amount in controversy. *See Davis v. JK & T Wings, Inc.*, No. 11-501, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012).

[9] R. Doc. 1-12, which Removing Defendants were ordered to file as a supplemental exhibit to the Notice of Removal because it was not originally attached. R. Docs. 5.

[10] R. Doc. 7 and *see* 28 U.S.C. § 1447(c) (motions to remand raising procedural defects in removal must be filed within thirty days after the filing of the notice of removal).

2

removal and to address the cases Plaintiff's counsel was ordered to review before the conference.[11] Plaintiff then filed his Supplemental Memorandum in Support of Remand.[12] In response, Removing Defendants filed their Memorandum in Opposition of Plaintiff's Motion to Remand ("Opposition").[13] The matter is fully briefed and oral argument is not necessary. The only issue before the Court is whether Removing Defendants timely removed this case from state court.

## II. LAW AND ANALYSIS

### A. Legal Standards

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[14] When, as here, jurisdiction is alleged based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs."[15] Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint.[16] As explained above, Removing Defendants have sustained their burden to establish that the Court has diversity subject matter jurisdiction.

To trigger the 30-day time period for removal from the defendant's receipt of the initial pleading, as provided in 28 U.S.C. § 1446(b)(1), the United States Court of Appeals for the Fifth

---

[11] R. Doc. 12, and *see* R. Doc. 11, citing *Ayio v. Boykins*, No. 23-1442, 2024 WL 4472275 (M.D. La. Aug. 19, 2024), report and recommendation adopted, No. 23-1442, 2024 WL 4201071 (M.D. La. Sept. 16, 2024); *Landry v. Cora-Quintero*, No. 23-1435, 2024 WL 3573983 (W.D. La. June 25, 2024), report and recommendation adopted, No. 23-1435, 2024 WL 3570111 (W.D. La. July 29, 2024); *Elkins v. Bradshaw*, No. 18-1035, 2019 WL 2096126, at *3 (M.D. La. Apr. 24, 2019), report and recommendation adopted, No. 18-1035, 2019 WL 2092564 (M.D. La. May 13, 2019) (deGravelles, J.); and *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 164 (5th Cir. 1992).

[12] R. Doc. 13.

[13] R. Doc. 14.

[14] 28 U.S.C. § 1441(a).

[15] 28 U.S.C. § 1332(a)(1).

[16] *Hinkle v. USAA Gen. Indem. Co.*, No. 17-156, 2017 WL 4411052, at *3 (M.D. La. Sept. 11, 2017), report and recommendation adopted, No. 17-156, 2017 EWL 4401631 (M.D. La. Sept. 29, 2017) (deGravelles, J.), citing *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

Circuit has provided a bright line rule that "the thirty-day removal period under the first paragraph is triggered only where the initial pleading '*affirmatively reveals on its face* that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court.'"[17] If a plaintiff wants the 30-day period to run from the defendant's receipt of the initial pleading, a plaintiff should place in that pleading "a specific allegation that damages are in excess of the federal jurisdictional amount."[18] Plaintiff's Petition does not contain a specific allegation that his damages exceed the federal jurisdictional amount.[19] Accordingly, the 30-day period for removing the action was not triggered by service of the initial pleading, which is not disputed by any party.[20]

To trigger the 30-day time period from the defendant's receipt "of an amended pleading, motion, order, or other paper," as provided in 28 U.S.C. § 1446(b)(3), the Fifth Circuit has provided that the 30-day removal period is triggered only where jurisdiction is "unequivocally clear and certain" from the document.[21] Courts have found that the standard for triggering removal

---

[17] *Scott v. Office Depot, Inc.,* No. 14-791, 2015 WL 2137458, at *3 (M.D. La. May 7, 2015), citing *Mumfrey v. CVS Pharmacy, Inc.,* 719 F.3d 392, 399 (5th Cir. 2013) (quoting *Chapman,* 969 F.2d at 163 (emphasis added by *Mumfrey*)).

[18] *See Elkins,* 2019 WL 2096126, at *2 citing *Chapman*, 969 F.2d at 163 ("Such a statement would provide notice to defendants that the removal clock had been triggered, but would not run afoul of state laws, such as Louisiana, that prohibit pleading unliquidated damage amounts. *See* La. C.C.P. art. 893. In *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 210 (5th Cir. 2002), the Fifth Circuit addressed *Chapman* and suggested, in dicta, that specific damage estimates in the initial pleading that are less than the minimum jurisdictional amount can be combined with other unspecified damage claims to trigger the time limit for filing the notice of removal. In *Mumfrey*, a subsequent panel criticized this portion of *Bosky*, questioned the authority upon which it relied, and noted that if there is a conflict between *Chapman* and *Bosky*, *Chapman* controls as the earlier opinion. *Mumfrey*, 719 F.3d at 400 (characterizing this portion of *Bosky* as 'a line that has become the source of significant confusion'). *See Clark v. Dolgencorp*, No. 13-2336, 2014 WL 458220, *3 (W.D. La. Feb. 4, 2014) ('*Mumfrey* expressly rejected the dicta in *Bosky* that was the cause of confusion and instead reiterated that the 'bright line rule' set forth in *Chapman* applies').").

[19] R. Doc. 1-2.

[20] During the telephone conference, Plaintiff agreed that Plaintiff's Petition does not contain a specific allegation that damages are in excess of the federal jurisdictional amount, *i.e.*, an Article 893 allegation, and therefore, the removal clock for initial pleadings under 28 U.S.C. § 1446(b)(1) does not apply. R. Doc. 12. *See Scott*, 2015 WL 2137458, at *4, citing *Mumfrey,* 719 F.3d at 399 (quoting *Chapman*, 969 F.2d at 163 (emphasis added by *Mumfrey*)) (the initial pleading must "*affirmatively reveal on its face* that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court."). While Plaintiff does not expressly cite to the 30-day removal period in § 1446(b)(3) in his memoranda, it was also clarified during the telephone conference that Plaintiff is arguing that Removing Defendants' receipt of his pre-Petition settlement demand was "other paper" triggering the removal clock under § 1446(b)(3), which Plaintiff argues began to run when Removing Defendants were served. R. Doc. 12.

[21] *See Scott,* 2015 WL 2137458, at *4, citing *Bosky,* 288 F.3d at 211 (stating that the statutory term "ascertained" means "unequivocally clear and certain").

4

based on a subsequent "amended pleading, motion, order, or other paper" as provided in § 1446(b)(3), such as a settlement demand received after the initial pleading,[22] is at least as strict as the standard for triggering the 30-day period for removal based on an initial pleading provided in § 1446(b)(1).[23]

### B. The Notice of Removal Was Timely Filed

Plaintiff contends that removal was not timely in this case because he sent a pre-Petition settlement demand of $155,000 to defense counsel. Relying on 28 U.S.C. § 1446(b)(3), Plaintiff contends that, as Removing Defendants had information that Plaintiff's damages were in excess of the jurisdictional minimum per this demand on March 13, 2024, and Removing Defendants were also aware that the parties were completely diverse at that time, the 30-day removal clock was triggered as soon as Removing Defendants were served with the Petition in early May 2024.[24] Plaintiff is incorrect. As explained during the telephone conference, controlling authority from the Fifth Circuit and prior cases from this Court and other courts in Circuit, hold that § 1446(b)(3) "requires that if an 'other paper' is to start the thirty-day time period, a defendant must receive the

---

[22] *Robertson v. Safepoint Ins. Co.,* No. CV 24-1172, 2025 WL 610642, at *3 (E.D. La. Feb. 26, 2025) ("A *post-complaint* demand letter that 'is not plainly a sham' can count as 'other paper'… Robertson's post-petition April 29 settlement demand of $200,000 counts as 'other paper' under Section 1446(b)(3)….") (internal citations omitted) (emphasis in original).

[23] *See Scott,* 2015 WL 2137458, at *4, n. 2 ("In *Bosky,* the court indicated that the standard to trigger the second 30-day removal period (as is at issue in the instant case) 'seems to require a *greater* level of certainty' than the *Chapman* standard used to determine whether a case must be removed based on the allegations contained in the initial pleading. *Id.* at 211 (emphasis added). The Fifth Circuit has subsequently held that *Bosky's* discussion of the standards for triggering the initial 30-day removal period constituted dicta because the issue before the *Bosky* court was whether removal was timely pursuant to the language of what is now § 1446(b)(3), and not whether removal was timely pursuant to the language of what is now § 1446(b)(1). *See Mumfrey,* 719 F.3d at 399 n. 1, citing *Bosky,* 288 F.3d at 209–11. The *Mumfrey* court criticized the *Bosky* decision to the extent it stated that the bright line rule announced in *Chapman* was less strict than the requirement for triggering the 30-day period with regard to amended pleadings and other documents. *Id.* at 400. While the *Mumfrey* court does not use the 'unequivocally clear and certain' language found in *Bosky,* its ultimate holding that the 30-day removal period was triggered by receipt of an amended petition seeking $3,575,000 in damages and not the initial petition, which did not specifically request any amount of damages, suggests that the standards for triggering the 30-day period are virtually identical (if not in fact identical) if removal is based upon the initial pleading or a subsequent paper. *See Smith v. Wal–Mart Louisiana, LLC,* No. 13–2368, 2013 WL 4781778, at *3 (W.D. La. Sept. 5, 2013) (*Bosky* should be read as imposing a trigger for the second removal period that is *at least* as strict as that set forth in *Chapman.*').")

[24] R. Doc. 7-1, p. 2.

'other paper' *after* receiving the initial pleading."[25] Plaintiff's March 13, 2024 demand was sent before suit was filed on April 23, 2024, and therefore, the demand could not have triggered the removal clock.

As it stands, Removing Defendants' October 29, 2024 removal was timely, although premature, but premature removals are permitted.[26] This Court has recognized that removal is permissive, and may be done before the § 1446(b)(3) clock is triggered, if a defendant can sustain its burden of showing that the amount is controversy is met by a preponderance of the evidence (including evidence received pre-suit), which is a separate issue from the timeliness of removal:

> 'The 'unequivocally clear and certain' standard is applied when a court is determining whether a defendant has timely removed, not whether removal was permissive. Stated differently, the Section 1446(b)(3) 30-day clock acts as a ceiling or limit on removal, not as a jurisdictional floor.' 'Section 1446 'does not say anything about removals that occur too soon.' If, before the 30-day clock starts, a

---

[25] *Ayio,* 2024 WL 4472275 at *8, citing *Chapman*, 969 F.2d at 164 (emphasis added). *See Landry*, 2024 WL 3573983 at *3 ("[T]he May 2, 2023, settlement demand that Landry's counsel provided to the Defendants *before* she filed suit on May 22, 2023, was insufficient to trigger the period for removal.") (citations omitted) (emphasis in original); *Elkins,* 2019 WL 2096126, at *3 ("Plaintiff did not file her suit until February 20, 2018, therefore the August 24, 2017 settlement demand and medical records provided before suit was filed were not 'other papers' that could trigger the 30-day period of § 1446(b)(3).") (citations omitted). *See also* R. Doc. 14, p. 4.

[26] Removing Defendants met their burden of showing that the amount in controversy was likely met at the time of removal by reliance on Plaintiff's good faith pre-Petition settlement demand. *See Lilly v. Dollar Gen. Corp.*, No. 17-459, 2017 WL 4836539, at *3 (M.D. La. Sept. 18, 2017), report and recommendation adopted, No. 17-459, 2017 WL 4820352 (M.D. La. Oct. 25, 2017). ("This Court has previously held that the amount sought in a pre-removal settlement demand letter 'is valuable evidence to indicate the amount in controversy at the time of removal.'") (citations omitted). That is a separate issue from whether the removal clock was triggered. Removing Defendants argue that the § 1446(b)(3) "other paper" removal clock was trigged by their September 30, 2024 receipt of Plaintiff's medical records, which Removing Defendants contend "indicat[ed]that [Plaintiff] … underwent cervical medial branch blocks on August 20, 2024 and September 19, 2024. He was also recommended for cervical radiofrequency ablations." R. Doc. 14, p. 2. The referenced medical records are not in the docket and Removing Defendants were not ordered to supplement with them to establish the amount in controversy in light of Plaintiff's pre-Petition settlement demand. As such, it is not clear that these records qualify as §1446(b)(3) "other paper" that triggered the removal clock because it cannot be determined whether it was "unequivocally clear and certain" from them that the amount in controversy was met, particularly considering evidence in the record reflecting that Plaintiff had only $27,780 in past and "imminent" medical expenses. R. Doc. 1-12. *See Elkins,* 2019 WL 2096126, at *4 ("[I]f a defendant has to analyze and dissect medical treatment records to divine whether the nature and cause of a plaintiff's injuries satisfy the amount in controversy requirement, then those papers do not suffice to trigger the 30 day time period.") (citing *Daniel v. Lowe's Home Centers, L.L.C.,* No. 16-374, 2016 WL 6562073, at *5 (M.D. La. Oct. 11, 2016), report and recommendation adopted, No. 16-374, 2016 WL 6561565 (M.D. La. Nov. 3, 2016) (deGravelles, J.) (finding time period in § 1446(b)(3) was not triggered by plaintiff's discovery responses or plaintiff's representation that she was going to have lumbar surgery) (citing *Bosky*, 288 F.3d at 210) and citing *Smith,* 2013 WL 4781778 (rejecting plaintiff's contention that recommendation for cervical disc surgery triggered the second 30-day removal period)) (other citations omitted).

>        defendant can demonstrate by a preponderance of the evidence that the jurisdictional threshold is met, he or she may remove without being required to 'unlock' the 30-day window by presenting 'unequivocally clear and certain' evidence.'[27]

Plaintiff attempts to distinguish controlling authority by asserting that this case is unique because Removing Defendants allegedly admitted that they knew the amount in controversy was met a month before suit was filed and because they "relied solely" on the demand to establish the amount in controversy in the Notice of Removal.[28] Plaintiff is again incorrect. As Removing Defendants point out, the Notice of Removal did not "rely solely" on the settlement demand to establish the amount in controversy.[29] Rather, in addition to the settlement demand, the Notice of Removal and the opposition to the Motion to Remand also assert Removing Defendants' belief that the amount in controversy was met based on the medical records received from Plaintiff on September 30, 2024, which reflected Plaintiff's treatment, and that the removal was timely filed within thirty days of their receipt of those records.[30] Because Plaintiff's attempt to distinguish applicable authority is entirely based on the flawed premise that Removing Defendants only relied

---

[27] *Johnson v. Packaging Corp. of Am.,* No. 18-613, 2019 WL 1271053, at *7 (M.D. La. Feb. 27, 2019), report and recommendation adopted, No. 18-613, 2019 WL 1271009 (M.D. La. Mar. 19, 2019), citing *Chandler v. Ruston Louisiana Hospital Co., LLC*, 14-121, 2014 WL 1096365, at * 6 (W.D. La. March 19, 2014), and *see* n. 10 ("…an unintended consequence of *Bosky* is that a defendant may be able to establish by a preponderance of the evidence that the amount in controversy exceeds the requisite jurisdictional minimum, even though the pleadings and 'other papers' do not suffice to trigger the Section 1446(b) removal window(s).") (other citations omitted). *See also Mumfrey,* 719 F.3d at 400, n. 13 ("We note that CVS likely could have removed immediately after Mumfrey filed his Original Petition, giving rise to an amount dispute case if Mumfrey had sought to remand by arguing that the amount-in-controversy was not satisfied. But even if CVS *could* have removed immediately, Mumfrey's Original Petition did not start the clock [because it did not have a specific allegation that damages were in excess of the jurisdictional threshold] such that CVS was required to remove if it wanted to.").

[28] R. Doc. 13, pp. 1-3 (*e.g.*, "…the defendant here *relies solely* upon a pre-suit demand presented a little more than a month before suit was filed as to when it first knew the requisite amount in controversy had been met," and "the defendant objectively admits actual knowledge the requisite amount in controversy was known a month before suit was filed *by relying solely* on an unequivocal pre-suit demand for $155,000 and yet inexplicitly waited six months after suit was filed to remove." (emphasis added).

[29] R. Doc. 14, pp. 7-8.

[30] R. Doc. 1, ¶¶ III-VI; R. Doc. 14, pp. 7-8. However, as noted in the briefing Order, the reference to the medical records (alone or in conjunction with the Petition's boilerplate damage allegations), without supporting evidence of damages, was insufficient alone to sustain Removing Defendants' burden to establish the amount in controversy. *See* R. Doc. 5 and the footnotes *supra* regarding the medical records.

7

on the demand, the Court need not further address Plaintiffs' arguments purporting to distinguish these cases.[31]

### III. RECOMMENDATION

Plaintiff's pre-Petition settlement demand did not trigger the 30-day removal clock of 28 U.S.C. § 1443(b)(3). This case was timely removed by Removing Defendants, who have also sustained their burden of establishing diversity subject matter jurisdiction.

Accordingly,

**IT IS RECOMMENDED** that the Motion to Remand, filed by Curtis Hodges,[32] be **DENIED.**

**IT IS FURTHER RECOMMENDED** that this matter be referred to the undersigned for a scheduling conference.

Signed in Baton Rouge, Louisiana, July 1, 2025.

*/s/ Erin Wilder-Doomes*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[31] Plaintiff disagrees with *Chapman*; however, this Court is constrained to follow controlling authority, unless the Fifth Circuit "revisits *Chapman v. Powermatic*" and decides otherwise. The Fifth Circuit's "bright line rule" requires a plaintiff "if he wishes the thirty-day time period to run from the defendant's receipt of the initial pleading, to place in the initial pleading a specific allegation that damages are in excess of the federal jurisdictional amount." *Chapman*, 969 F.2d at 163. Because Plaintiff did not do that in this case, the removal clock was not triggered by service of the Petition and the Notice of Removal was not untimely.

[32] R. Docs. 7, 13.